J-S60028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEWELL POINDEXTER | : | |
| | : | |
| Appellant | : | No. 366 MDA 2018 |

Appeal from the PCRA Order January 18, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004424-2015,
CP-22-CR-0004426-2015

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 14, 2018**

Appellant Dewell Poindexter appeals *pro se* from the order dismissing his first timely petition under the Post Conviction Relief Act[1] (PCRA) without a hearing.  Appellant asserts that his sentences for delivery of cocaine,[2] possession with intent to deliver (PWID),[3] and violations of the Uniform Firearms Act (VUFA) for persons not to possess[4] are illegal pursuant to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S. § 6105(a).

*Alleyne v. United States*, 133 S. Ct. 2151 (2013).[5]  Appellant argues that his counsel provided ineffective assistance of counsel (IAC) for advising him to plead guilty in light of the alleged *Alleyne* violation.  Appellant also argues IAC because his counsel failed to challenge the validity of the search warrant for Appellant's apartment.  We affirm.

The relevant factual background follows.  Appellant delivered cocaine to a confidential informant near Third and Calder Streets in Harrisburg, Pennsylvania, on two separate occasions, June 4 and June 29, 2015.  Each delivery involved approximately five grams of cocaine.  Following the second delivery, police arrested Appellant near 222 Harris Street, Harrisburg, where Appellant had been observed entering and exiting the building.  Police recovered fifty baggies of heroin from Appellant's person.

Based on the deliveries of cocaine and the drugs recovered from Appellant, police obtained a search warrant for an apartment at 222 Harris Street.  Inside the apartment, police found mail addressed to Appellant.  Police also recovered over ten grams of heroin, over 100 grams of cocaine, and two

---

[5] In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  *Alleyne*, 133 S. Ct. at 2155 (citations omitted).

handguns from the apartment, including one .380 caliber pistol and one .45 caliber pistol. Police additionally seized over $3,000[6] in cash.

Appellant was arrested and charged with two counts of delivery of cocaine, criminal use of a communication facility[7] and possession of drug paraphernalia[8] at docket CP-22-CR-0004424-2015. At docket CP-22-CR-0004426-2015, Appellant was charged with three counts of PWID, three counts of possession of a controlled substance,[9] possession of a small amount of marijuana,[10] possession of drug paraphernalia, and two VUFA charges.

On December 10, 2015, Appellant's counsel (plea counsel) initially filed a suppression motion alleging that the Commonwealth failed to furnish a copy of video surveillance in its possession, which allegedly captured the drug transaction on June 29, 2015. Omnibus Pretrial Motion, 12/10/15, at 2 (unpaginated). Trial counsel also challenged whether the search warrant for the apartment was supported by probable cause. *Id.* at 4. The trial court scheduled a hearing for February 22, 2016.

---

[6] Appellant asserts that $50,000 was taken from the apartment, but the police reports and the guilty plea hearing do not reference such an amount. Indeed, the alleged seizure of $50,000 is contained only in Appellant's bald assertions.

[7] 18 Pa.C.S. § 7512(a).

[8] 35 P.S. § 780-113(a)(32).

[9] 35 P.S. § 780-113(a)(16).

[10] 35 P.S. § 780-113(a)(31).

At the hearing on February 22, 2016, instead of litigating the suppression motion, Appellant entered a negotiated guilty plea and was immediately sentenced. Under the terms of the plea agreement, Appellant pled guilty to two delivery offenses at CP-22-CR-0004424-2015 and received a sentence of three to six years of incarceration for each offense, to run concurrently. At CP-22-CR-0004426-2015, Appellant pled guilty to PWID for heroin and cocaine and to two VUFA charges for the drugs and two handguns recovered from his apartment. For each offense at CP-22-CR-0004426-2015, Appellant received a sentence of 5½ to 11 years of incarceration, each to run concurrently. The sentences at both dockets were to run concurrently, for an aggregate sentence of 5½ to 11 years of incarceration.[11]

At the time Appellant entered his guilty plea, he filled out a guilty plea colloquy form for each docket number indicating that he understood the nature of the plea. The record reveals no discussions by plea counsel or the court regarding former mandatory minimum sentences based upon either the

_____

[11] We note that the sentence of 5½ to 11 years of incarceration was proposed by the Commonwealth. Once Appellant agreed to the plea, the record does not reveal that the sentencing court considered Appellant's prior record score or offense gravity score before accepting the negotiated plea. We also note, however, that defense counsel did not object, and Appellant waived a presentence investigation in this matter.

weight of the drugs recovered[12] or the commission of drug offenses with firearms.[13]

Appellant did not file a post-sentence motion or direct appeal from his judgments of sentence.

The timely *pro se* PCRA petition giving rise to the instant appeal was docketed on March 3, 2017. The PCRA court appointed counsel (PCRA counsel), who filed a **Turner**/**Finley**[14] motion to withdraw on August 21, 2017. Appellant filed a response titled "Objections to Counsel's **Finley** Letter" that was docketed on October 2, 2017. In his objections to PCRA counsel's motion to withdraw, Appellant argued that plea counsel was ineffective for advising him to plead guilty when the sentences violated **Alleyne**. Objections to Counsel's **Finley** Letter, 10/2/17, at 3. Appellant also argued that plea

---

[12] **See** 18 Pa.C.S. § 7508. If Section 7508 applied to Appellant's deliveries of approximately five grams of cocaine, he would have been subject to a minimum sentence of three years of incarceration and a $10,000 fine for each offense. **See** 18 Pa.C.S. § 7508(a)(3)(i). If Section 7508 applied to Appellant's possession of the cocaine and heroin found in his apartment, he would have been subject to a sentence of four years of incarceration and a fine of $25,000, and a sentence of three years of incarceration and a fine of $15,000, respectively. **See** 18 Pa.C.S. §§ 7508(a)(3)(iii), (a)(7)(ii); **but see Commonwealth v. Cardwell**, 105 A.3d 748, 754-55 (Pa. Super. 2014) (holding that 18 Pa.C.S. § 7508 is unconstitutional in its entirety).

[13] **See** 42 Pa.C.S. § 9712.1(a). If Section 9712.1 applied, Appellant would have been subject to a minimum sentence of five years of incarceration for the PWID offenses. **Id.**; **but see Commonwealth v. Newman**, 99 A.3d 86, 88 (Pa. Super. 2014) (*en banc*) (finding that **Alleyne** "indicate[d] that the sentencing practice under [42 Pa.C.S.] 9712.1 [was] unconstitutional").

[14] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel failed to investigate the Commonwealth's evidence and whether the contraband from the residence searched actually belonged to Appellant. *Id.* at 4.

The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition on October 31, 2017, and granted PCRA counsel's motion to withdraw. The PCRA court noted that

> [Appellant] claims he is eligible for post-conviction relief because he was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). However, *Alleyne* does not apply to [Appellant's] case. *Alleyne* holds that any fact that triggers the application of a mandatory minimum sentence for a crime must be submitted to the fact finder and the fact finder must find that fact beyond a reasonable doubt. However, [Appellant] was not sentenced to a mandatory minimum. Rather, he pled guilty following a negotiated plea. At no time did the Commonwealth request a mandatory minimum sentence.[fn2]
>
>> [fn2] While a claim of ineffective assistance of counsel can invalidate a guilty plea, counsel's ineffectiveness "will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or [un]knowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). [Appellant's plea counsel] did not advise [Appellant] that he was facing a mandatory minimum sentence, because [Appellant] was **not** facing such a sentence. Thus, there can be no merit to a claim that counsel should have advised [Appellant] that he was facing a mandatory minimum.

Notice of Intention to Dismiss Petition for Post-Conviction Collateral Relief, 10/31/17, at 2 (emphasis in original). In response, Appellant re-filed his previous response titled "Objections to Counsel's *Finley* Letter."

The PCRA court entered an order dismissing Appellant's PCRA petition on January 18, 2018. Appellant filed an amended PCRA petition without leave

of court, which was docketed on January 26, 2018. Along with reiterating the same claims that he had previously raised, Appellant asserted that appointed PCRA counsel had a conflict of interest since Appellant and his brother had brought misconduct charges against the firm where PCRA counsel worked. *See* Amended PCRA Petition, 1/26/28, at 5. Appellant attached a letter to the petition regarding the allegation, which he had apparently mailed to the trial court. The letter was stamped as being received by the court on September 25, 2017, but otherwise does not appear in the certified record.

Appellant filed a *pro se* notice of appeal dated February 14, 2018, but docketed on February 22, 2018.[15] The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days of the entry of the order on March 8, 2018. Appellant filed a concise statement that was dated March 27, 2018, but was docketed on April 4, 2018.[16] The PCRA court complied with Pa.R.A.P. 1925(a) by referring to the reasons for its dismissal of Appellant's PCRA petition as contained in its Rule 907 notice.

---

[15] *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (stating that "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing").

[16] *See Wilson*, 911 A.2d at 944 n.2.

Appellant's arguments that can be reasonably discerned from his brief[17] include the following. Appellant argues that plea counsel's advice to take the negotiated plea constituted IAC because Appellant was sentenced to mandatory minimum sentences in violation of **Alleyne** as part of the deal. Appellant's Brief at 9. Appellant asserts that he wanted a trial but entered the plea involuntarily after plea counsel advised him that he would not win a suppression motion due to video surveillance of Appellant selling cocaine. **Id.** at 15.

Appellant further asserts that plea counsel failed to challenge the search warrant for his apartment, arguing that the Commonwealth did not offer a lease establishing he was a renter in the building. **Id.** at 10-11. Appellant argues that plea counsel failed to investigate the seizure of $50,000

---

[17] Appellant included the following in his statement of issues presented on appeal:

　　1. The imposed sentence.

　　2. Ineffective assistance of counsel.

　　3. Miscarriage of justice.

Appellant's Brief at 4. However, we are able to discern from other portions of Appellant's brief that he asserts specific IAC claims regarding plea counsel and a conflict of interest with appointed PCRA counsel. **Id.** at 9-16. Accordingly, we address these claims. **See Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (noting that even though "[t]he statement of the [appellant's] twelve '[q]uestions [i]nvolved' [bore] no relation to the eight sections of the argument or the divisions within the argument[,]" this Court would address the arguments that could "reasonably be discerned" from the brief).

from the apartment. *Id.* at 11. Additionally, Appellant asserts that there was no *prima facie* case of VUFA, arguing that finding the firearms in the apartment did not prove he possessed them. *Id.* at 9-10. Appellant argues that even if the fact that the firearms were in the apartment proved he possessed them, he was nevertheless illegally sentenced to a mandatory minimum sentence. *Id.* at 10.

In addition to his IAC claims, during the course of the PCRA proceedings, Appellant raised an issue arguing that appointed PCRA counsel should not have represented him because of a conflict of interest. In particular, Appellant asserts that he and his brother brought misconduct charges against PCRA counsel's firm regarding a separate matter. *Id.*

We note that "[o]ur standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. Super. 2018) (citation omitted).

When we consider an IAC claim, we apply the following principles:

> The law presumes counsel has rendered effective assistance. The burden of demonstrating ineffectiveness rests on [the a]ppellant. To satisfy this burden, [the a]ppellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Id.* at 1158 (internal quotation marks and citations omitted).  As to IAC claims

in the context of a challenge to counsel's advice to enter a guilty plea,

> all constitutionally-cognizable claims of ineffective assistance of counsel may be reviewed in a PCRA petition.  The Sixth Amendment guarantees the effective assistance of counsel at all stages of a criminal proceeding, including during the plea process.  If the ineffective assistance of counsel caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief.

*Commonwealth v. Lynch*, 820 A.2d 728, 731-32 (Pa. Super. 2003)

(citations omitted).

We initially consider Appellant's assertion that he was sentenced to

mandatory minimum sentences.  While the sentences of three to six years of

incarceration for each delivery of cocaine at docket CP-22-CR-0004424-2015

coincide with the three-year minimum sentence in Section 7508(a)(3)(i),

Appellant was not fined as required by that statutory section, and the

Commonwealth did not seek mandatory minimum sentences.  Appellant's

sentences of 5½ to 11 years of incarceration for possession of cocaine and

heroin recovered from the apartment at docket CP-22-CR-0004426-2015

exceed the statutory minimums in Section 7508(a)(3)(iii) and (a)(7)(ii).

However, neither sentence included the fine provided in each relevant

subsection of Section 7508, and the Commonwealth did not seek mandatory

minimum sentences for these offenses.

The former mandatory sentence for the commission of drug offenses

with firearms in Section 9712.1(a) was a five-year minimum sentence.

Appellant was sentenced to 5½ to 11 years of incarceration for each of his

PWID offenses. Thus, Appellant was sentenced to a period of incarceration beyond the mandatory minimum in Section 9712.1. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (noting that where the sentencing court exceeded the mandatory minimum sentence, "the court did not sentence the defendant based on [a] mandatory [minimum] statute, and his sentence [was] not illegal on that ground"). Moreover, because the record contains no discussion of mandatory minimum sentences from either the court or counsel, and because the Commonwealth did not seek a mandatory minimum sentence, we find that one was not imposed here.

For the foregoing reasons, we agree with the PCRA court that Appellant was not sentenced to any mandatory minimum sentences. Accordingly, Appellant has failed to establish any arguable merit to his claim that plea counsel's advice to plead guilty was unconstitutionally inadequate on this basis. *See Johnson*, 179 A.3d at 1160.

Appellant next argues that the advice to take the plea deal constituted IAC because he wanted to go to trial but was coerced into entering an involuntary guilty plea. According to Appellant, plea counsel advised Appellant to take the negotiated plea on the basis that a suppression motion would likely fail.

Regarding the grounds for a suppression motion challenging probable cause for a search warrant, we note the following:

> The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause. Probable cause exists where the facts and circumstances within

- 11 -

the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted.

***Commonwealth v. Clark***, 28 A.3d 1284, 1288 (Pa. 2011) (internal quotation marks and citations omitted). The totality of the circumstances must be considered in determining whether probable cause to conduct a search existed. ***Id.***

In ***Clark***, a suspected drug dealer was seen leaving a residence and selling cocaine to a confidential informant (CI). ***Id.*** at 1285. On this basis, police sought and were issued a search warrant for the residence the drug dealer was seen exiting. ***Id.*** at 1286. The trial court granted a suppression motion regarding the cocaine, drug paraphernalia, and a loaded handgun that were recovered from the residence. ***Id.*** The trial court cited concerns about assessing the CI's reliability and the fact that the CI had never been inside the residence. ***Id.*** This Court affirmed the trial court's grant of the suppression motion. ***Id.***

The Pennsylvania Supreme Court granted allowance of appeal and reversed the order granting suppression on the following basis:

The trial court and the Superior Court in the present matter reasoned that even under the totality-of-the-circumstances, the affidavit of probable cause failed to show the "reliability" and "the basis of knowledge" of the CI. The lower courts reasoned that the CI's "reliability" had not been shown because the affidavit did not contain a specific incantation that the CI had in the past provided information that had led to arrests. Additionally, the lower courts here determined that the circumstances failed to support a reasonable probability that drugs would be found inside the residence because the affidavit did not contain a statement

regarding the CI's basis of knowledge on that point. The lower courts' reasoning in both respects was flawed.

* * *

The totality of the circumstances here included the fact that the police corroborated significant details of the informant's tip by conducting and observing, the day before they applied for the search warrant, a controlled buy of narcotics that dovetailed precisely with the information the CI had provided. Indeed, the **only** portion of the CI's information that the police had **not** verified was where the cocaine was stashed. Although the observed facts pointed to 4242 Salmon Street as the stash house, the lower courts here erroneously determined that probable cause to search that residence was lacking, in part, because the CI had not stated that he had previously been inside that residence.

*Id.* at 1288-89 (emphases in original).

In ***Johnson***, the defendant asserted an IAC claim in the PCRA context based upon his counsel's advice to continue with a guilty plea rather than withdraw it. ***Johnson***, 179 A.3d at 1159. Johnson's counsel made the recommendation to continue with the guilty plea since Johnson had waived his right to litigate a suppression motion by taking the plea deal. ***Id.***

In disposing of the claim of IAC in that context, the ***Johnson*** Court indicated that

[w]here a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious. That stands in stark contrast to [the a]ppellant's contention that prejudice is limited to asking whether the motion simply would have been **filed**. The prejudice inquiry still requires the defendant to establish that he would have filed the motion and proceeded to trial instead of accepting the plea, not simply that he would have filed the motion.

On the other hand, where the claim is that counsel ineffectively advised the defendant to accept a plea, the question is simply

whether that advice itself is constitutionally sound. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. In other words, a defendant need not be apprised of every possible suppression motion as a predicate to a finding that the plea was voluntary, because the decision to seek suppression is left to counsel as a matter of strategy in the event a plea bargain is not reached.

*Johnson*, 179 A.3d at 1160 (internal quotation marks, footnote, and citations omitted).

Applying the foregoing analysis, the *Johnson* Court concluded that the petitioner in that case "made no showing whatsoever that the advice to accept the plea was not within the range of constitutionally competent advice." *Id.* Moreover, "counsel was obviously aware of potential suppression motions by virtue of the fact that she litigated them, and subsequently advised [the defendant] to accept the plea instead of continuing to proceed with the motions." *Id.* This Court also determined that Johnson's counsel had a "reasonable strategic basis designed to effectuate [his] interests" since he received an "excellent plea [and] the consequences [would] likely [have been] much, much worse after a losing trial than following a plea to lesser charges." *Id.* at 1161.

Here, plea counsel filed a suppression motion but did not litigate it on the day of argument because Appellant pled guilty instead. Assuming we were to consider the fact that plea counsel stopped litigating the suppression motion as a failure to challenge the validity of the search warrant, counsel did not provide IAC because the suppression motion was unlikely to succeed. Police

- 14 -

obtained a search warrant for Appellant's apartment based on the fact that police knew that Appellant lived in the apartment from seeing him coming and going from the residence and based upon Appellant's sales of cocaine to a confidential informant. The fact that no lease was provided incident to the search is irrelevant since the information known about Appellant and his drug sales provided sufficient probable cause to search the apartment. *See Clark*, 28 A.3d at 1288-89. Therefore, Appellant's suppression motion was not meritorious. Accordingly, Appellant's argument lacks arguable merit. *See Johnson*, 179 A.3d at 1160.

Tied into his argument regarding the validity of the search warrant for the apartment, Appellant asserts that the recovery of firearms from the apartment did not constitute his constructive possession of the weapons. This argument is contrary to well-established case law. *See, e.g.*, *Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa. Super. 2018) (noting that "[i]llegal possession of a firearm may be established by constructive possession" such as when it was recovered from within a defendant's residence, even if it was accessible to other family members (citation omitted)). As to Appellant's argument that plea counsel failed to investigate the seizure of $50,000, we note that the record does not reveal that such an amount of cash was taken from Appellant's apartment. Accordingly, plea counsel was not ineffective regarding these issues.

Finally, we address Appellant's assertion that appointed PCRA counsel should not have represented Appellant on PCRA because of a conflict of

interest. Initially, we note that Appellant did not raise this issue at his first opportunity to do so. It was only after PCRA counsel attempted to withdraw that Appellant apparently sent a letter regarding the representation to the PCRA court.[18] Additionally, at no time did Appellant request new counsel under Pa.R.Crim.P. 122(C) (requiring "substantial reasons" in a motion for change of counsel where a defendant has been appointed counsel).

For the foregoing reasons, Appellant is not entitled to relief under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2018

---

[18] Notably, this letter does not appear in the record except as an attachment to Appellant's amended PCRA petition that was filed without leave of court.